IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RANDALL WILSON, | |
|       Plaintiff, | CIVIL ACTION NO.: 5:21-cv-67 |
| v. | |
| MRS. BOATRIGHT, et al., | |
|       Defendants. | |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff asserts claims under § 1983 against eight Defendants for alleged violations of his constitutional rights. Doc. 1. Plaintiff is currently imprisoned at Ware County Jail in Waycross, Georgia. Plaintiff alleges Defendants Boatright, Ryals, and Pittman, who are jail officials, and the jail's Medical Facility ignored his requests and kiosk messages for medical care and other

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

needs.  Id. at 12, 13–14.  Additionally, Plaintiff has not been provided a Koran, despite his various requests to Defendants Ryals and Pittman.  Id. at 12, 14.

Further, Plaintiff also brings claims related to his state criminal proceedings.  Id. at 12–13.  Plaintiff alleges he was wrongly convicted and sentenced for a felony, instead of a misdemeanor, by Defendants Judge and D.A. George Barnhill.  Id. at 13.  Additionally, Defendant Fiveash, with the Clerk of Court's Office, refused to provide paperwork related to his criminal charges, despite Plaintiff making numerous requests.  Id.  Finally, Plaintiff contends his public defender, Defendant Smith, was ineffective in representing him on his state criminal charges.  Id.

Plaintiff acknowledges Ware County Jail, where he is incarcerated, has a grievance procedure.  Id. at 6.  However, Plaintiff did not file a grievance about the events described in his Complaint, because, he claims, grievances go unanswered.  Id. at 7.  Instead, he relayed his complaints to Defendants Pittman and Ryals through a letter and verbally and had his family called the jail multiple times.  Id. at 7–8.

Plaintiff sues all Defendants in their individual and official capacities.  Plaintiff seeks injunctive and monetary relief, including his immediate release and asks the Court to correct his sentence.  Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff's claims fall into three categories.  Plaintiff brings claims related to his incarceration at Ware County Jail (his "Jail Claims"), primarily complaining he has not received medical attention or access to a Koran.  Additionally, Plaintiff brings claims based on his state criminal proceedings, which resulted in his incarceration (his "State Criminal Claims").  Finally, Plaintiff brings a claim against Defendant Fiveash regarding her refusal to provide certain paperwork related to Plaintiff's criminal case.  For the reasons explained below, Plaintiff's claims should be dismissed.

I.      **Plaintiff Failed to Exhaust Available Administrative Remedies for His Jail Claims**

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007). Requiring prisoners first utilize the prison's grievance policy before bringing suit "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before . . . the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006); Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Exhaustion is a mandatory requirement which cannot be waived by courts. Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Porter v. Nussle, 534 U.S. 516, 524 (2002). Though exhaustion is considered an affirmative defense, when the face of the pleadings clearly show the plaintiff failed to exhaust all administrative remedies, courts may dismiss the complaint sua sponte. Jones, 549 U.S. at 214–16; Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007); Malcolm v. Doe, No. 6:18-CV-24, 2018 WL 2108108, at *4 (S.D. Ga. Mar. 19, 2018); Ansell v. Crews, No. 4:13CV454, 2014 WL 3748207, at *2 (N.D. Fla. July 30, 2014); Cole v. Ellis, No. 5:10-CV-00316, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010).

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91. Prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368,

1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson, 418 F.3d at 1157)); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement); see also Malcolm, 2018 WL 2108108, at *3 (dismissing a complaint for failure to exhaust administrative remedies when prison officials never responded to the grievance and the petitioner failed to appeal the unresponded to grievance after the time to respond passed); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

Plaintiff's Complaint should be dismissed because it is apparent from on its face Plaintiff did not exhaust all available administrative remedies available to him prior to filing this lawsuit. Plaintiff admits he did not file grievances because he believes the grievance process at Ware County Jail is futile. However, Plaintiff's subjective belief about the futility of the grievance procedure is not enough. Higginbottom, 223 F.3d at 1261 (inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement). Instead, to properly exhaust, "prisoners must 'properly take each step within the administrative process.'" Bryant, 530 F.3d at 1378 (quoting Johnson, 418 F.3d at 1157). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Jail Claims for failure to exhaust available administrative remedies.

## II.     Plaintiff's State Criminal Claims Should Be Dismissed

Plaintiff directs his State Criminal Claims against three Defendants—Defendant Barnhill, Defendant Judge, and Defendant Carter Smith. Doc. 1. Plaintiff seeks monetary and injunctive

relief for these claims. Plaintiff's claims against these Defendants, whether for monetary or injunctive relief, fail.

### A. Plaintiff's Claims for Injunctive Relief Fail

Plaintiff brings a § 1983 action related to his state court criminal prosecution against Defendants D.A. George Barnhill and Defendant Judge Plaintiff seeks injunctive relief—specifically, Plaintiff seeks his release and to have his sentence corrected. Doc. 1 at 5.

A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). To the extent Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, a challenge to the legality of pretrial detention (as opposed to detention pursuant to a judgment of conviction) is properly brought pursuant to 28 U.S.C. § 2241. See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). Accordingly, to the extent Plaintiff seeks injunctive relief to release him from pretrial custody, this portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint. Before bringing a federal habeas

action, a plaintiff is required to fully exhaust state remedies. Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a necessary prerequisite for filing a federal habeas petition. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for injunctive and declaratory relief related to his State Court Claims.

### B.      Defendant D.A. George Barnhill

Plaintiff brings claims against Defendant D.A. George Barnhill, the prosecuting attorney in his state criminal proceedings, ostensibly seeking monetary damages. Doc. 1. Plaintiff's claims against this Defendant fail. Prosecutors are entitled to absolute immunity for claims for claims seeking "monetary relief arising out of actions performed within their official authority." Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. 1981). A prosecutor is entitled to absolute immunity from § 1983 liability when he acts within the scope of his prosecutorial duties "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 420, 431 (1976). Determining when and how to prosecute a case are normal prosecutorial functions. Allen v. Se. Ga. Health Sys., No. CV208-146, 2009 WL 982102, at *3 (S.D. Ga. Apr. 10, 2009) (citing Tarter, 646 F.2d at 1012). Therefore, Plaintiff's claim against Defendant Barnhill for monetary damages must fail. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary against Defendant Barnhill. Should the Court accept the recommendations contained *supra*, no claims will remaining pending against Defendant Barnhill.

### C.      Defendant Judge

Plaintiff names Defendant Judge, the judge presiding over his state criminal case, in this suit. Doc. 1. To the extent Plaintiff is asserting claims for monetary damages against this

Defendant, the claims fail. Judges enjoy absolute immunity from § 1983 suits for "acts committed within their judicial jurisdiction." Imbler, 424 U.S. at 418 (quotation omitted).

> Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction . . . . Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (citations and quotations omitted). Presiding over a criminal case and sentencing normal judicial functions in a case pending before the judge. Therefore, Plaintiff's claims against Defendant Judge must fail. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Judge. Should the Court accept the recommendations contained *infra*, no claims will remaining pending against Defendant Judge.

### D.     Defendant Carter Smith

Plaintiff attempts to assert § 1983 claim against Defendant Carter Smith, his public defender, but that claim fails, as well. To state a claim for relief under § 1983, a plaintiff must allege he was deprived of a federal right by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's claim against Defendant Smith is based upon allegations he provided Plaintiff with ineffective legal assistance in his state criminal proceedings. Thus, even if the allegations in his Complaint are true, Plaintiff's public defender was not acting under color of state law and may not be sued under § 1983. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Smith.

### III. Plaintiff Fails to State a Claim Against Defendant Fiveash

All that remains is Plaintiff's purported claim against Defendant Fiveash. Plaintiff's allegations against Defendant Fiveash are limited to her refusal to answer letters or provide Plaintiff with important paperwork. Doc. 1 at 12. Specifically, Plaintiff states he wrote Defendant Fiveash letters and had his family contact her, but she did not provide him the paperwork he requested. Id. at 13.

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff fails to explain how Defendant Fiveash's failure to provide him requested paperwork violated his constitutional rights. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Fiveash.

### IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To

be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA