# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| RANDALL WILSON, | * |
| Plaintiff, | * CIVIL ACTION NO.: 5:21-cv-67 |
| v. | * |
| MRS. BOATRIGHT, et al., | * |
| Defendants. | * |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's December 20, 2021 Report and Recommendation. Dkt. No. 11. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's Complaint. Dkt. No. 10. For the reasons set forth below, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff, an inmate at Ware County Jail, has asserted claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Dkt. No. 1. Plaintiff's claims involve his imprisonment at Ware County Jail, his state criminal proceedings, and a claim against a clerk of court—Defendant Fiveash—for allegedly refusing to provide certain paperwork. Id. After conducting frivolity review, the Magistrate Judge recommended the Court dismiss Plaintiff's Complaint in its entirety. Dkt. No. 10.

As for Plaintiff's claims involving his lack of medical treatment and refusal of jail officials to provide him with a Quran, the Magistrate Judge found Plaintiff failed to exhaust his administrative remedies. Id. at 4-5. Thus, the Magistrate Judge recommended the Court dismiss those claims.

The Magistrate Judge also recommended dismissal of Plaintiff's claims related to his criminal prosecution. Id. at 6-8. The Magistrate Judge determined Plaintiff sought injunctive relief the Court cannot provide and sued Defendants who are entitled to immunity from monetary damages. Similarly, Plaintiff failed to state a claim against Defendant Fiveash, as he had not alleged a violation of his constitutional rights. Id. at 9.

AO 72A
(Rev. 8/82)

Plaintiff has filed Objections to the Magistrate Judge's Report. Dkt. No. 11. Plaintiff objects to the dismissal of his claims against Defendant Boatwright and his jail claims related to denial of medical care and a Quran. Id. Additionally, Plaintiff objects to the dismissal of claims against Defendants Fiveash and Smith. Id. The Court now conducts an independent and de novo review of the entire record and addresses each of Plaintiff's Objections.

## DISCUSSION

### I. Plaintiff's Objections Related to His Jail Claims

Plaintiff objects to the Magistrate Judge's dismissal of claims related to his confinement at Ware County Jail. Dkt. No. 11. Plaintiff acknowledges he did not exhaust his available administrative remedies for many of his claims but argues he should be allowed to proceed with some of his claims. Id.

#### A. Defendant Boatright

Plaintiff contends he should be permitted to proceed with his claim for interference with his legal mail against Defendant Boatright because he properly exhausted this claim. Id. at 1. Plaintiff's objection to the recommended dismissal of Defendant Boatright fails. First, Plaintiff has not previously brought a claim related to missing legal mail, see dkt. no. 1, and cannot amend his Complaint in his Objections to assert such a claim now, see Fed. R. Civ. P. 15.

3

Further, even if the Court permitted such an amendment, Plaintiff has failed to state a claim. "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." Helton v. Baden, No. 1:11-CV-134, 2011 WL 8816145, at *4 (M.D. Ga. Oct. 21, 2011), *report and recommendation adopted*, 2012 WL 3574357 (M.D. Ga. Aug. 16, 2012) (quoting Corker v. Cannon, No. 8:08-CV-564, 2008 WL 1847304 at *2 (M.D. Fla. April 24, 2008)). Plaintiff merely alleges he filed grievances to Defendant Boatright about his missing mail and those grievances went unanswered. Plaintiff does not allege Defendant Boatright is responsible for his missing mail or otherwise interfered with it, and, thus, fails to state a claim. Smith v. Humphrey, No. 5:12-CV-15, 2012 WL 774963, at *7 (M.D. Ga. Feb. 13, 2012). Further, Plaintiff fails to allege the "legal mail" contained correspondence with an attorney, involved non-frivolous pro se litigation, or inhibited his access to courts in any way and similarly fails to state an access-to-courts claim. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998); Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008). Accordingly, Plaintiff's Objections as to Defendant Boatright are **OVERRULED**.

### B. Claims for Deliberate Indifference to a Serious Medical Need and Freedom of Religion

Plaintiff also objects to the Magistrate Judge recommending the Court dismiss his deliberate indifference to a serious medical need claim and a freedom of religion claim. Dkt. No. 11 at 2. Plaintiff explains when he verbally complained about his medical issues or lack of Quran, he was ignored. Id. Further, he re-asserts his position that filing grievances is futile because they go unanswered. Id. Plaintiff's contentions have no merit; Plaintiff is required to exhaust his available administrative grievances, regardless of his belief in the efficacy in doing so. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (explaining an inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement). Accordingly, the Court **OVERRULES** Plaintiff's Objections as to his deliberate indifference to a serious medical need claim and freedom of religion claim.

## II. Claim Against Defendant Fiveash

Plaintiff objects to the Magistrate Judge recommending dismissal of his claims against Defendant Fiveash for failure to state a claim. Dkt. No. 11 at 1. As in his Complaint, Plaintiff complains Defendant Fiveash lied to him when he called and asked her about certain legal paperwork. Compare id. with

5

Dkt. no. 1 at 12-13. However, Plaintiff still fails to state a violation of his constitutional rights.

It is not clear in Plaintiff's Complaint or in his Objections what legal paperwork Defendant Fiveash failed to provide him. Nor is it clear if Defendant Fiveash's failure to provide such paperwork interfered with his access to courts or implicated any other of Plaintiff's constitutional rights. Thus, Plaintiff still fails to state a cognizable § 1983 claim against Defendant Fiveash. Accordingly, the Court **OVERRULES** Plaintiff's Objections as to Defendant Fiveash.

### III. Claim Against Defendant Carter Smith

Plaintiff objects to the Magistrate Judge recommending the Court dismiss his claims against Defendant Smith. Dkt. No. 11 at 1. Defendant Smith was Plaintiff's public defender during state criminal proceedings. Dkt. No. 1 at 13. Plaintiff complains about the quality of representation he received from Defendant Smith. Dkt. No. 11 at 1. While Plaintiff provides additional factual allegations, Plaintiff's Objections are wholly unresponsive to the Magistrate Judge's findings—that Defendant Smith, as a public defender, is not subject to suit under § 1983 because a public defender does not act under color of state law. Dkt. No. 10 at 8. The Court finds no error with the Magistrate Judge's recommendation as to Defendant Smith.

Accordingly, the Court **OVERRULES** Plaintiff's Objections as to Defendant Smith.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Complaint, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this \_\_5\_\_ day of \_\_January\_\_, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A (Rev. 8/82)